IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 15-1535 |
| v. | ) ) | Judge Cathy Bissoon |
| BERNARD M. PARKER, | ) ) | |
| Defendant. | ) ) | |

## ORDER

The SEC's Motion for Summary Judgment (Doc. 26) will be granted. The SEC brought this civil enforcement action against Defendant, in conjunction with Criminal Action No. 15-253 (W.D. Pa.). On June 22, 2017, the jury in the criminal action returned a unanimous verdict of guilt against Defendant on all six Counts, finding beyond a reasonable doubt that he committed securities fraud, mail fraud and that he filed false tax returns. *See* Doc. 71 in CR 15-253. The SEC now seeks the entry of a permanent injunction against Defendant to prevent further securities fraud; disgorgement of the profits Defendant gained as the result of his criminal activity, in the amount of $1,112,163.00; prejudgment interest, in the amount of $30,945.00; and a civil penalty, in the amount of $160,000.00, as established under the relevant statutory and regulation provisions. *See generally* Pl.'s proposed judgment (filed under Doc. 26-2).

Plaintiff's summary judgment papers are thorough, including record and legal citations in support of all requests for relief. Defendant offers little in response, requesting that adjudication be held in abeyance pending resolution of his 2255-petition in the criminal case; and identify modest factual disputes presumably implicated by Plaintiff's summary judgment request.

As for further delay, the Court already has afforded Defendant all reasonable benefit of the doubt, having stayed this civil action up through the appeal of his criminal judgment. *See* Doc. 11 in Civ. 15-1535.  The Court of Appeals has affirmed, *see* Doc. 121 in CR 15-253, and a timely petition for *certiorari* has not been filed.  While Defendant surely would prefer to "kick the can down the road," his request for further delay is not supported in the law.  *See, e.g.*, S.E.C. v. Durham, 2017 WL 3581640, *6 (S.D. Ind. Aug. 18, 2017) (reaching merits under materially similar circumstances, and noting that "[defendant had] fail[ed] to cite, and [the] Court [wa]s unaware of, any . . . cases holding that a pending § 2255 [m]otion provides . . . grounds to abstain").

As to the merits, the Court agrees with the SEC that Defendant's criminal conviction has preclusive effect, here, under the doctrine of collateral estoppel.  The SEC, moreover, has limited its disgorgement request to losses related to victims found, in a special verdict form in the criminal case, to have been defrauded.  *See* Doc. 29 at 2 n.2; *see also* Doc. 27 at ¶¶ 70-71, 81 (Defendant's former investment firm paid $1,223,863.93 to Defendant's victims, and Defendant was ordered to pay the identical amount in restitution – a sum in excess of the $1,112,163.00 disgorgement-figure requested here).  The SEC's evidence establishes a reasonable approximation of profits made on the "tainted transactions," under the but-for standard of causation[1]; and Defendant has offered nothing in the way of meaningful rebuttal.  As the SEC highlights, moreover, Defendant modest fact-based quibbling is procedurally deficient under the

---

[1] S.E.C. v. Teo, 746 F.3d 90, 105 (3d Cir. 2014) (citation to quoted source omitted).

summary judgment standards/rules; and he has failed to demonstrate materiality. *See* Doc. 31 at 3.[2]

The time for delay is over. Plaintiff's Motion for Summary Judgment is well taken, and Defendant has failed to show that any aspect of the requested-relief is unfounded or inappropriate. The Motion (**Doc. 26**) is **GRANTED**, and merits and Rule 58 judgments will be issued contemporaneously herewith.

IT IS SO ORDERED.

November 23, 2020                                    s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] To the extent the Court can follow Defendant's fact-based grievances, *see* Doc. 30 at 2-3, they fail to demonstrate how or why the SEC's disgorgement figure falls short of the "reasonable approximation" standard. At least some of Defendant's assertions, moreover, constitute little more than accusations that his criminal trial counsel was ineffective − arguments better suited for, and surely raised in, his 2255-petition. They have no proper bearing on the instant ruling.